**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MANASSEH ADRIEL PHILIP,** ) | |
| **ID # 43839-177,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-0832-L (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Petitioner, a federal pretrial detainee currently incarcerated at the Federal Correctional Institute in Seagoville, Texas, initially filed a habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention and prosecution in Cause No. 3:11-CR-0361-L. Because he claimed in part that he is in federal custody based on a "void judgment and conviction" in Cause No. F88-81768 out of Dallas County, Texas, which was the basis for his prior deportation, and he specifically invoked 28 U.S.C. § 2254, the Court ordered that his § 2254 challenge to his state conviction be considered separately from his § 2241 challenge to his federal case. Accordingly, this § 2254 habeas case was opened for petitioner's challenge to his state conviction on March 19, 2012. (*See* doc. 2.)

On March 22, 2011, the Court issued a *Notice of Deficiency and Order* notifying petitioner that to the extent he intended to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court, he had not used the appropriate form and had not either paid the $5 filing fee nor

submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He was ordered to file his petition on the appropriate enclosed form and to either pay the fee or file an IFP motion within 30 days. *Id.* More than 30 days from the date of the notice of deficiency have passed, but petitioner has not filed an amended federal petition on the correct form or either paid the filing fee or filed an IFP motion.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file an amended federal petition on the correct form and either pay the filing fee or file an IFP motion. He has not filed anything else or otherwise shown that he intends to proceed with this federal habeas case, so it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SIGNED this 30th day of April, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE